ROTHSCHILD, J.,
dissents in part.
hi must respectfully dissent from the decision of the majority insofar as it upholds the trial court’s decision to exclude the expenses of private school in the child support calculation. Based on a review of the record and applicable law, I find that the trial court abused its discretion in ruling that the private school expenses would no longer be shared by the parties after January of 2011.
The parties in this case were divorced by judgment rendered in November 2009 and at that time consented to share custody and expenses for the children, including to equally share all tuition, registration fees, supply fees, uniform costs, and aftercare costs. One year later, in October of 2010, Mr. Hernandez filed a motion to decrease and to modify child support. Specifically, Mr. Hernandez alleged that Mrs. Hernandez’ income had increased, that the children’s expenses had increased, and that Mr. Hernandez could no longer afford private school tuition.
By judgment rendered on November 16, 2010, the trial court found that although both parties experienced an increase in income, there was an increase in school tuition and other expenses for the children. The trial court ordered Mrs. Hernandez to pay child support in the amount of $209 per month, and also held that Mr. Hernandez was no longer required to share in expenses of private school tuition. Although I have no disagreement with 12the increase in the child support award, I find that the record fails to support the trial court’s ruling on the issue of private school tuition.
A trial court may award child support for expenses of tuition, registration, books, and supply fees required for attending a special or private elementary or secondary school to meet the needs of the child. La. R.S. 9:315.6(1). This statute was amended in 2001, removing the language requiring that a “particular educational need” to attend the special or private school be shown. As stated in the comments following the statute, the needs of the child include needs for stability or continuity in the child’s educational program. A trial court’s determination of whether to include private school tuition in a basic child support obligation will not be disturbed absent an abuse of discretion. The court’s decision must be based on consideration of the best interest of the children.
At the hearing in this matter, Mr. Hernandez stated that he was unable to afford to continue to contribute to private school tuition for his children. However, Mr. Hernandez admitted that his income had increased during the year since the divorce. Further, the record indicates that the school tuition for the 2010 school year only increased in the amount of $300 over the 2009 school year, and that registration fees, supply fees and uniform fees were not increased at all.
*174 Mrs. Hernandez testified that at the time of the hearing the children were 9 and 10 years old, and that they had attended St. Angela Merici school for 6 and 8 years, respectively. She stated they enjoyed the school and that it was “the most stable constant wonderful thing in their lives right now.” Mrs. Hernandez stated that she and Mr. Hernandez selected the school together, and that both she and Mr. Hernandez attended Catholic school and always intended to send their children to Catholic school. She testified that |sMr. Hernandez spoke to the children about leaving the school, and “they were crushed at the thought of being moved from their current school.”
In the present case, the record indicates that both parties’ income was increased during the previous year, and the school expenses only sustained a moderate increase. The adjustment in the child support amounts adequately covers any additional expenses sustained by Mr. Hernandez in supporting the children. More importantly, the record clearly shows that the children’s needs for stability and continuity would be best served by remaining in the school their parents chose for them and that they have attended for years. Considering these circumstances, I find the trial court abused its discretion in failing to include private school tuition in the child support calculations. I would therefore reverse this part of the judgment, and apportion the payment of the tuition based on the parties’ respective incomes.